IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARLOS ALMEIDA,**

    **Plaintiff,**

vs.                                              Case No. 4:10cv4-SPM/WCS

**LAWRENCE REEL, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This case is before me upon an order of remand. Doc. 10. It went unnoticed that Plaintiff had complied and submitted an *in forma pauperis* motion when I previously entered the order to dismiss this case for failure to prosecute. Doc. 6. That error has been corrected now, but in reviewing the complaint and preparing to enter an order on Plaintiff's *in forma pauperis motion,* doc. 4, I find that venue is not appropriate in this Court.

Plaintiff is currently confined in Beaumont, Texas. Doc. 1, p. 2. Each of the four named Defendants are located in Atlanta, Georgia. *Id.*, at 1. The events about which Plaintiff complains allegedly occurred first in Miami, Florida, when Plaintiff hurt his back,

and then in Atlanta, Georgia where Plaintiff was transferred.  Because Atlanta is where the majority of the events occurred and is where Defendants are located, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 90(a) is in the United States District Court for the Northern District of Georgia, Atlanta Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988).  The <u>Lipofsky</u> court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* <u>Lipofsky</u>, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Northern District of Georgia, Atlanta Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 15, 2010.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**